UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SOO YOUNG KIM,<br><br>              Plaintiff(s),<br><br>v.<br><br>SOUTHWESTCO WIRELESS, INC.,<br><br>              Defendant(s). | Case No. 2:17-cv-00706-APG-NJK<br><br>ORDER<br><br>(Docket No. 32) |

Pending before the Court is Defendant's motion to compel and for sanctions. Docket No. 32. Plaintiff filed a response in opposition, and Defendant filed a reply. Docket Nos. 33-34. The Court finds the motion properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to compel is **GRANTED** and the motion for sanctions is **GRANTED**.

**I.    STANDARDS**

"The discovery process in theory should be cooperative and largely unsupervised by the district court." *Sali v. Corona Reg. Med. Ctr.*, ___ F.3d ____, 2018 WL 1371564, at *1 (9th Cir. Mar. 19, 2018). When a party fails to provide requested discovery and when meet-and-confer efforts prove unsuccessful, however, the requesting party may move to compel that discovery. Fed. R. Civ. P. 37(a). Broad discretion is vested in the trial court to permit or deny discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Parties are permitted to seek discovery of any nonprivileged matter that is relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The party seeking to avoid discovery bears the burden of explaining why discovery should be denied. *See U.S. E.E.O.C. v. Caesars Entertainment*, 237 F.R.D.

428, 432 (D. Nev. 2006); *see also Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 469 (N.D. Tex. 2015) (addressing burdens following 2015 amendments to the discovery rules).

## II. ANALYSIS

As the parties are familiar with the background of this case, the Court will not recite it herein. The pending motion raises several discovery disputes, which the Court will address in turn below.

### A. Medicare Discovery

Defendant seeks an order compelling execution of a Medicare release. Docket No. 32 at 9-10.[1] Roughly nine months before the motion to compel was filed, Plaintiff responded to the discovery request for a Medicare release by agreeing to execute one. Docket No. 32-2 at 23 (response signed May 8, 2017, indicating that "Plaintiff is in the process of gathering the requested signed authorization and will provide it once it has been executed"). Nonetheless, Plaintiff now argues that her Medicare information is irrelevant and overly broad. Docket No. 33 at 3. The time for raising such an objection was in responding to the discovery response, but Plaintiff instead agreed to execute the release. Plaintiff has provided no reason for the Court to allow her to change course at this late date. *Cf. Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes waiver of any objection").

Accordingly, this aspect of the motion to compel will be granted. Plaintiff shall provide Defendant with an executed Medicare release within 14 days of the issuance of this order.

### B. Prescription Records

Defendant next seeks an order for the disclosure of Plaintiff's prescription records. Docket No. 32 at 11-12. Plaintiff does not oppose this request, but asserts that her counsel was never provided with a draft stipulation. Docket No. 33 at 3. That assertion is belied by the record, as a draft stipulation was emailed to Plaintiff's counsel several times. Docket Nos. 34-1, 34-2, 34-3; *see also* Docket No. 34 at 9. Having provided no legitimate reason to deny this request, this aspect of the motion to compel will be granted.

---

[1] Defendant asks alternatively for Plaintiff to provide a Medicare printout. *See* Docket No. 32 at 9-11. It does not appear the Court needs to opine on that issue given that it is compelling the execution of a Medicare release.

2

IT IS HEREBY ORDERED that, pursuant to NRS 453.164(8)(b), the Prescription Monitoring Program shall release Plaintiff Soo Young Kim's records to defense counsel LEWIS BRISBOIS BISGAARD & SMITH LLP. No further authorization from patient Soo Young Kim is required to release the records.

### C. Records for Subsequent Slip-and-Fall and Subsequent Car Accident

Defendant next seeks an order compelling records regarding a subsequent alleged slip-and-fall at a Donna Karan store (and lawsuit stemming therefrom) and from a subsequent car accident. Docket No. 32 at 12-13. Plaintiff's response does not address this aspect of the motion to compel, other than asserting that some records related to the alleged incident at Donna Karan were provided concurrently with the filing of the responsive brief. Docket No. 33 at 3. No response was provided as to the subsequent car accident.

Accordingly, this aspect of the motion to compel will be granted.[2] Plaintiff shall provide Defendant with these records within 14 days of the issuance of this order.

### D. Golfing Friends

Defendant next seeks an order compelling the identification of Plaintiff's golfing friends. Docket No. 32 at 14. Plaintiff testified at her deposition that these friends could attest to her physical condition prior to the incident alleged in this case. *Id.* Defendant argues that these friends must be identified in response to Interrogatory No. 3, which seeks the names and addresses of "each person . . . having knowledge of facts relevant to the subject matter." *Id.* Plaintiff argues that this interrogatory is overly broad. Docket No. 33 at 3-4.

The Court agrees with Plaintiff that the interrogatory, as written, is overly broad. The Court does not agree, however, that such overbreadth gives Plaintiff a pass on providing the information now being sought. Plaintiff does not dispute that the identity of her golfing friends is relevant and discoverable. Plaintiff also does not dispute that such information falls within the scope of this interrogatory. "[I]t is well settled that the Court 'has broad discretion to appropriately narrow the scope of otherwise overly broad and

---

[2] Defendant disputes that the recent document production is sufficient. *See* Docket No. 34 at 5. The Court does not opine herein on the sufficiency of the production, as that issue is not sufficiently presented for a resolution. Instead, the Court simply rules that Plaintiff must provide the records requested. Plaintiff's counsel shall carefully review the production made to date, and ensure that it is complete.

objectionable discovery requests, regardless of what the request initially requested.'" *Aevoe Corp. v. AE Tech Co.*, 2013 WL 5324787, *2 (D. Nev. Sept. 20, 2013) (quoting *Samsung SDI Co. v. Matsushita Elec. Indus. Co.*, 2007 WL 4303348, at *3 (C.D. Cal. June 25, 2007)). The Court therefore orders Plaintiff to identify the names and addresses of the golfing friends to whom she was referring at her deposition, within 14 days of the issuance of this order.

Accordingly, this aspect of the motion to compel will be granted.

### E. Shoes Worn During Subject Incident

Defendant next seeks an order compelling the production of Plaintiff's shoes that she wore on the day of the incident alleged in this case. Docket No. 32 at 14-15. Defendant requested production of these shoes a year ago. *Id.* at 15. Nonetheless, Plaintiff responds that she is still trying to locate the shoes, and simply needs more time. Docket No. 33 at 4. Plaintiff's position is devoid of merit. Plaintiff chose to litigate this case, and she has a duty to preserve relevant evidence. *Cf. Apple v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 990-91 (N.D. Cal. 2012). A reasonable period to produce the shoes has long since passed.

Accordingly, this aspect of the motion to compel will be granted. Within 14 days of the issuance of this order, Plaintiff shall either (1) produce the shoes, or (2) provide a supplemental response certified under Rule 26(g) of the Federal Rules of Civil Procedure indicating that Plaintiff no longer possesses the shoes and providing a detailed explanation of the search undertaken to find them. *See, e.g.*, *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012).[3]

### F. Authorization Forms

Defendant next seeks to compel Plaintiff to sign various medical releases. Docket No. 32 at 15-16. Plaintiff's response indicates that her counsel agrees to have the releases signed. Docket No. 33 at 4.

Accordingly, this aspect of the motion to compel will be granted. Plaintiff shall provide Defendant with all signed medical releases within 14 days of the issuance of this order.

---

[3] The Court does not opine herein as to the consequences that may befall Plaintiff in the event she did not preserve the shoes.

4

## III. REASONABLE EXPENSES

Defendant lastly requests an award of reasonable expenses. Docket No. 32 at 17-18. "When a court grants a motion to compel, the victor is entitled to expenses–including attorneys' fees–unless the loser was substantially justified or the imposition of sanctions would be unjust." *Kiessling v. Det. Rader P#6099*, 2018 WL 1401972, at *4 (D. Nev. Mar. 20, 2018) (citing Fed. R. Civ. P. 37(a)(5)(A)). The losing party has the burden of establishing substantial justification or unjust circumstances. *E.g., Wood v. GEICO Casualty Co.*, 2016 WL 6069928, at *1 (D. Nev. Oct. 14, 2016). "The district court has great latitude in imposing sanctions under Fed. R. Civ. P. 37." *Lew v. Kona Hosp.*, 754 F.2d 1420, 1425 (9th Cir. 1985).

In this case, there is no substantial justification nor any unjust circumstances. To the contrary, the discovery in dispute should have been provided months ago and the arguments to the contrary are wholly baseless.[4] Accordingly, the request for an award of reasonable expenses will be granted. The parties are encouraged to confer on an amount of expenses without further Court involvement. To the extent they cannot agree, Defendant shall file a "Motion to Calculate Expenses" supported by appropriate documents within seven days of the issuance of this order.

## IV. NOTICE TO PLAINTIFF AND HER ATTORNEYS

The response to the pending motion raises serious concerns for the Court, as some of the positions advanced appear to run afoul of the requirement that counsel ensure that factual representations and legal arguments have a reasonable basis. *See, e.g.*, Fed. R. Civ. P. 11(b). Plaintiff's counsel also appears to have engaged in dilatory conduct designed to avoid complying with his discovery obligations. *But see Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981) ("The discovery process is subject to the overriding limitation of good faith"). The Court will not tolerate such conduct moving forward.

---

[4] The Court notes that some responsive documents were produced after the filing of the motion to compel. *See* Section II.C. Providing requested discovery after a motion to compel is filed does not immunize against an award of reasonable expenses. *See, e.g.*, Fed. R. Civ. P. 37(a)(5)(A) (expenses must be awarded if the motion to compel is granted "or if the disclosure or requested discovery is provided after the motion was filed").

5

## V. CONCLUSION

For the reasons discussed above, the motion to compel is **GRANTED** and the motion for sanctions is **GRANTED**.

IT IS SO ORDERED.

DATED: March 21, 2018

_____
NANCY J. KOPPE
United States Magistrate Judge