# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SOO YOUNG KIM,<br><br>Plaintiff<br><br>v.<br><br>SOUTHWESTCO WIRELESS, INC., a foreign corporation; DOES I through X; and ROES I through X, inclusive,<br><br>Defendants | Case No.: 2:17-cv-0706-APG-NJK<br><br>**Order Rejecting Proposed Joint Pretrial Order**<br><br>[ECF No. 45] |

The parties' proposed Joint Pretrial Order (ECF No. 45) does not comply with Local Rules 16-3 and 16-4. For example, both parties list several "Custodian of Records" witnesses. Because the proposed Order contains no objections to the proposed exhibits (as required by Local Rule 16-3(b)(8)), all exhibits are deemed admitted. Therefore, there apparently is no need for any Custodian of Records to authenticate exhibits at trial.

Similarly, both parties' witness lists include several "Person Most Knowledgeable" witnesses. The parties should know by now the names of the witnesses they intend to present at trial. If those witnesses were not identified during discovery, they cannot be called at trial.

Both parties identify billing and medical records from numerous providers, and list witnesses from several medical offices. Perhaps all of these records and witnesses will be needed to prove or disprove the plaintiff's alleged damages. If so, it seems highly doubtful that the trial can be completed in the 5-7 days the parties suggest. ECF No. 45 at 17:9. Rather, it appears more likely that the parties have taken the "kitchen sink" approach of simply listing all documents and witnesses disclosed in discovery without considering whether each is truly needed. That violates the purpose of Local Rules 16-3 and 16-4.

Both parties state that they will offer at trial "all depositions taken in this matter." This violates Local Rule 16-3(b)(10), which requires the parties to identify "any depositions intended to be offered at the trial, except for impeachment purposes, and designating the portions of the deposition to be offered." Neither side identified the specific depositions or the portions they intend to use at trial.

The section entitled "Action by the Court" does not comply with Local Rule 16-4.

Local Rules 16-3 and 16-4 are designed to streamline trial preparation and presentation, and to foster settlement. The parties cannot wait to make trial decisions until the eve of trial. If they do, they cannot conduct effective settlement discussions. It is apparent from the proposed Joint Pretrial Order that the parties ignored the purpose and language of Local Rule 16-3. The proposed order will be rejected. The parties shall submit a new proposed joint order addressing these identified problems and complying with Local Rules 16-3 and 16-4.

Finally, I am troubled by the fact that the plaintiff's law firm has repeatedly violated Local Rule 16-3 and 16-4. In several other cases, I have issued orders rejecting Pretrial Orders submitted by The Richard Harris Law Firm for failure to comply with the rules. Mr. Estrada is ordered to give copies of this order to every lawyer in that law firm and file a certification that he has done so.

IT IS ORDERED that the parties' Joint Pretrial Order (**ECF No. 45) is REJECTED.** The parties shall personally confer as required in Local Rule 16-3, and submit a Joint Pretrial Order that complies with Local Rule 16-4 by September 25, 2018.

/ / / /

/ / / /

/ / / /

IT IS FURTHER ORDERED that, within 10 days of this order, Mr. Estrada shall give copies of this order to every lawyer in The Richard Harris Law Firm and file a certification that he has done so.

DATED this 4th day of September, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE